A COMPLAINT UNDER THE CIVIL RIGHTS ACT
42 U.S.C. §1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Marcus D. Hill ______________________ 310825
Inmate (DOC) number

______________________

______________________

(Enter above the full name of each plaintiff in this action.)

VERSUS

Tyrone Kilbourne

John Doe

John Doe

John Doe

(Enter above the full name of each defendant in this action.)

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. §1983

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your omplaint for each defendant you name. For example, if you name two defendants, you must file he original and two copies of the complaint. You should also keep an additional copy of the omplaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your omplaint. If the defendants are still employed by the Department of Public Safety and Corrections, nly one service copy is needed. Otherwise, you must supply a copy of the complaint and the service ldress for each defendant no longer employed by the Department of Public Safety and Corrections.

All copies of the complaint must be identical to the original.

The names of all parties must be listed in the caption and in part III of the complaint exactly

the same

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 150.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La 70801-1712.

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No (✓)

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit

Plaintiff(s): ______________________________

Defendant(s): ______________________________

2. Court (if federal court, name the district; if state court, name the parish): ______________________________

3. Docket number ______________________________

4. Name of judge to whom case was assigned ______________________________

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)

6. Date of filing lawsuit

7. Date of disposition

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?

Yes ( ) No (✓)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

D. Place of present confinement: Dixon Correctional Institute

A. Is there a prisoner grievance procedure in this institution?

Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes (✓) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. First step response DCI-2011-688

2. What steps did you take? I filed an appeal to the head wardens office (Steven Radar), along with an administrative grievance form.

3. What was the result? The appeal was denied and transferred to the secretary, same as the administrative grievance form sent to "second step response" to secretaries office awaiting response.

D. If your answer is No, explain why not:

III Parties

(In Item A below place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Marcus D. Hill
Address P.O. Box 788, ~~Baton Rouge, LA.~~ Jackson, LA., 70748

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant Tyrone Kilbourne is employed as Master Seargeant at Dixon Correctional Institute

C. Additional Defendants Captain (John Doe), Dixon Correctional Institute, Master Sergeant (John Doe), Dixon Correctional Institute, Sergeant (John Doe), Dixon Correctional Institute

IV Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not given any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1.) On the day of 9/2/11, I was walking down the walkway leaving dorms G and H in route to my living quarters (dorm C), when I came upon Master Sergeant Tyrone Kilbourne at the corner of the building and bypassed him. About approximately 15 steps further down the walkway, Master Sergeant Kilbourne came up from behind me and tapped me upon the shoulder proceeding to ask me to, "Open my hands and what did I have in my possession?" I cooperated with the officers command and opened up my hands and responsively told him that I possesed nothing.

# IV Statement of Claim

Captain (John Doe), Master Sergeant (John Doe), and Sergeant (John Doe) arrived at the scene and stretched my arms and legs out and turned my head to the side to examine my mouth. No evidence of anything was found around or in my mouth, so I was placed in restraints and walked to the bullpen.

2.) Standing in the bullpen, I (plaintiff) was forced inside the majors office once Master Sergeant (John Doe) unlocked it. The Captain (John Doe), Master Sergeant (John Doe), and Sergeant (John Doe) crowded in behind me. Master Sergeant Kilbourne was the last to enter the office and he closed and locked the door behind him. As soon as he turned around, Sergeant Kilbourne struck me on side my face close to my right ear. I fell upon the desk in the office and due to being restrained, fell to the floor. Captain (John Doe), Master Sergeant John Doe, and Sergeant (John Doe) began to kick me and punch me in the back of my head asking me, "What did I have and what did I have for them?" I (plaintiff) replied telling the officers that, "I don't have anything." All the officers in the office started back abusing me repeactidly telling me that the only way that it would stop is when I started talking. I (plaintiff) rolled around the floor trying to cover myself explaining to the officers that I was a diabetic and the severity of me being cut and bruised. Master Sergeant (John Doe) then grabbed me by the neck and said quote, "they didn't give a fuck and that I should have had something for him." Master Sergeant Kilbourne then punched me in the back of my head and told me, "thats for getting my uniform wet."

3.) I was picked up off the floor and escorted to administrative segregation and place in a dry cell. (a cell with no running water or flushable toilet) The accepting lockdown officer was told to write me up under a Rule #1 (contraband charge), to give me a urine test, and to moniter my defication. The results of all my tests came back negative,

and three days later due to the smell of the cell being so bad, I was placed in a normal cell awaiting court.

4.) On 9-6-11, plaintiff was found guilty of a Rule #3 (defiance) and custody changed from medium to maximum and plaintiff was placed in extended lockdown, due to the lack of evidence of a Rule #1 (contraband charge).

5.) On or about 9-5-11 to 9-7-11, plaintiff was examined at clinic and given Tylenol 3 for pain and referred to the eye doctor for damages.

6.) On or about 9-14-11, plaintiff was seen by DCI's eye physician (John Doe) and diagnosed as having trauma in left eye with scarred tissue. Plaintiff was prescribed Prednisolone Acetate Ophthalmic Suspension by eye physician (John Doe) and Cyclopentolate Hydrochloride Opthalmic by DCI's Dr. A. Tarver.

footnotes:

1. plaintiff was also sentenced to 2 other Rule #3 (defiance) violations and a Rule #5 (aggravated disobedience) violation.

2. plaintiff lost 90 days good-time and custody was changed from medium to maximum (extended lockdown)

3. plaintiff had to pay for trip to physician and meds out of his account.

4. plaintiff was denied completion of self-help program due to custody change.

Sergeant Kilbourne looked at my surroundings, then grabbed me and forced me to the ground alledging that I must have placed something in my mouth. He placed his knee upon my back and hit his pager for assisstance by the tactical unit.

V Relief

See attatched →

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. 1.) I would like to be compensated for my injuries, pain and suffering. 2.) Nominal Damages 3.) Punitive Damages 4.) that plaintiff be awarded $1,500 per each day he spent in extended lockdown. 5.) each defendent be made pay for damages.

VI Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 4th day of November, 2011.

Marcus Hill 310825

Signature of plaintiff(s)

Marcus Hill
D.C.I.
Ex 3-06
P.O. Box 788
Jackson, LA 70748




SCREENED
OK
U.S. MARSHAL

Clerk of Court
Middle District of Louisiana
777 Florida Street
Baton Rouge, LA 70801