UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MARCUS D. HILL (#310825)

VERSUS                                          CIVIL ACTION

TYRONE KILBOURNE, ET AL                         NUMBER 11-778-SDD-SCR


**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 8, 2014.

                                     STEPHEN C. RIEDLINGER
                                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCUS D. HILL (#310825)

VERSUS                                               CIVIL ACTION

TYRONE KILBOURNE, ET AL                              NUMBER 11-778-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Defendant's Motion for Summary Judgment filed on behalf of defendant Msgt. Tyrone Kilbourne and the Defendants' Motion for Summary Judgment filed on behalf of defendants Col. John Smith and Maj. Doug Stroughter.[1]  Record

---

[1] Capt. Percy Babin also moved for summary judgment. However, he was never named as a defendant by the plaintiff. In his Motion for Identification of John Doe # 1, 2, and 3, and Motion for Amendment of Defendants (record document number 14) the plaintiff identified "Captain Jerry Babin" as one of the three John Doe defendants, and summons was issued to him (record document number 17). But in the U.S. Marshal Form 285 completed by the plaintiff (record document number 26) he named "Capt. Percy Babin" as the person to be served. Although Capt. Percy Babin filed an answer (record document number 33) and later moved for summary judgment, it appears from the record that Capt. Jerry Babin has not been served or otherwise made an appearance.
   On November 20, 2012, the plaintiff filed a Third Amended Complaint, through counsel, in which he once again identified Capt. Jerry Babin as a defendant.  Capt. Percy Babin was not identified as a defendant.  Plaintiff was placed on notice regarding this discrepancy in the court's Ruling on Motion to Amend Complaint (record document number 53), but counsel for the plaintiff took no action to explain or correct the discrepancy.
   It is the plaintiff's responsibility to clearly identify the defendants and serve them with a summons and the complaint as well as any subsequent amended complaint.  The court cannot simply assume that Capt. Jerry Babin and Capt. Percy Babin are the same
(continued...)

document numbers 22 and 41, respectively. Defendant Msgt. Kilbourne's motion is opposed.² Defendants filed a reply to the plaintiff's opposition.³

Plaintiff Marcus D. Hill, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Tyrone Kilbourne, Col. John Smith, Maj. Doug Stroughter and Capt. Jerry Babin.⁴ Plaintiff alleged that he was subjected to an excessive use of force in violation of his constitutional rights.

Defendant Msgt. Kilbourne moved for summary judgment relying on a statement of undisputed facts, his affidavit and the affidavits of Maj. Stroughter, Capt. Percy Babin and Dr. Angelo

---

¹(...continued)
person. For the purpose this Magistrate Judge's Report, Capt. Percy Babin will not be considered as a defendant. Defendant Capt. Jerry Babin was not served with the summons and complaint. Despite notice from the court that defendant Capt. Jerry Babin was not served, the plaintiff has neither taken any steps to have him served, nor voluntarily dismissed the claims against him or moved to join Capt. Percy Babin as a defendant.

² Record document numbers 29 and 62. Plaintiff addressed claims in his opposition memoranda which were not raised in the Third Amended Complaint. Plaintiff's memoranda in opposition to defendant Tyrone Kilbourne's motion for summary judgment shall not be construed as an amendment to the complaint.

³ Record document number 63.

⁴ Plaintiff was proceeding in proper person when he filed his original complaint, and when he amended his complaint to identify Col. Smith, Maj. Stroughter and Capt. Jerry Babin as the three John Doe defendants. Plaintiff was represented by counsel when his Third Amended Complaint was filed. The Third Amended Complaint is the operative complaint. There is no "second" amended complaint.

2

Tarver, copies of the plaintiff's medical records, copies of Msgt. Kilbourne's medical records, a copy of Department Regulation C-02-006, an excerpt from the Louisiana Department of Public Safety and Corrections Disciplinary Rules and Procedures for Adult Inmates, and the results of Administrative Remedy Procedure ("ARP") DCI-2011-688 and Disciplinary Appeal DCI-2011-266.[5]

Defendants[6] Col. Smith and Maj. Strougther moved for summary judgment relying on a statement of undisputed facts, their affidavits, the affidavits of Msgt. Kilbourne, Capt. Percy Babin and Dr. Angelo Tarver, copies of the plaintiff's medical records, copies of Msgt. Kilbourne's medical records, a copy of Department Regulation C-02-006, an excerpt from the Louisiana Department of Public Safety and Corrections Disciplinary Rules and Procedures for Adult Inmates, the results of Administrative Remedy Procedure ("ARP") DCI-2011-688 and Disciplinary Appeal DCI-2011-266, and copies of three photographs.

Defendants attached to their reply the affidavits of Anthony Miller, Frazier Bendily, Gary Wayne Sullivan and Glenn Coullard, copies of Department Regulation No. C-02-003 and DCI Policy 3A-022,

---

[5] Defendants also identified three photographs as exhibits and sought leave of court to file the photographs under seal. Record document number 23. The motion was denied. Record document number 32. Defendants' motion to withdraw the exhibits was granted. Record document numbers 34 and 38, respectively.

[6] Capt. Percy Babin also moved for summary judgment. As explained above in footnote 1, he was not named as a defendant in the complaint or the amendments to the complaint.

and Msgt. Kilbourne's responses to the plaintiff's interrogatories.

For the reasons which follow, the defendants' motions should be granted.

## I. Factual Allegations

The following factual allegations are taken from the plaintiff's Third Amended Complaint, which is the operative complaint.[7]

Plaintiff alleged that on September 2, 2011, he and Msgt. Kilbourne passed each other while walking down a walkway in opposite directions. Plaintiff alleged that when he was approximately halfway down the walkway Msgt. Kilbourne tapped him on the shoulder and ordered him to open his hands. Plaintiff alleged that Msgt. Kilbourne searched him, and after finding nothing, accused the plaintiff of looking as though he was hiding something.

Plaintiff alleged that Msgt. Kilbourne then grabbed him, and then Msgt. Kilbourne forced his fingers into the plaintiff's mouth causing him to gag and choke. Plaintiff alleged that Msgt. Kilbourne threw the plaintiff forward and the two slid on the wet grass, where Msgt. Kilbourne landed on the plaintiff's back. Plaintiff alleged that while on the ground Msgt. Kilbourne choked

---

[7] Record document number 54, Third Amended Complaint. Like both the original complaint and the amended complaint, the Third Amended Complaint is not verified under oath by the plaintiff.

the plaintiff with one hand while forcing his fingers into the plaintiff's mouth with the other hand.

Plaintiff alleged that Msgt. Kilbourne activated his beeper. Plaintiff alleged that Capt. Jerry Babin, Maj. Stroughter and Col. Smith responded, and when they arrived they grabbed the plaintiff's arms and legs and pulled them apart. Plaintiff alleged that he was ordered to turn his head to the side and his mouth was inspected for contraband. Plaintiff alleged that when no contraband was found, he was handcuffed behind his back and escorted to a holding cell.

Plaintiff alleged that he was removed from the holding cell and escorted to the major's. Plaintiff alleged that Capt. Jerry Babin, Maj. Stroughter, Col. Smith and Msgt. Kilbourne entered the room and closed the door. Plaintiff alleged that Msgt. Kilbourne punched him in the face beside his right ear causing him to fall on the desk and then to the floor. Plaintiff alleged that Capt. Jerry Babin, Maj. Stroughter and Col. Smith repeatedly kicked and struck him. Plaintiff alleged that while he was being beaten he was questioned about an unrelated incident and was warned that they would continue to beat him until he provided a written statement regarding the unrelated incident.

Plaintiff alleged that he told the defendants that he was diabetic and that the injuries would not heal. Plaintiff alleged that the defendants threatened and mocked him. Plaintiff alleged

Msgt. Kilbourne struck him in the head.

Plaintiff alleged that he was taken to administrative segregation and was issued a disciplinary report for possession of contraband. Plaintiff alleged that he was placed in a dry cell, his urine was tested and he was ordered to defecate in the urinal. Plaintiff alleged that the test results were negative.

Plaintiff alleged that he sustained multiple injuries to his face, back, neck and body as a result of the incident.

Plaintiff alleged that Capt. Jerry Babin verbally threatened to "get him" for previously filing administrative grievances.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56©).

### B. Qualified Immunity

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a

reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id*., at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the

7

defendant is entitled to qualified immunity if the conduct was objectively reasonable.  *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

### C. Excessive Force

Plaintiff alleged that the defendants subjected him to an excessive use of force in violation of his Eighth Amendment rights.

At the time of the alleged incident, a reasonable corrections officer would have known that beating the plaintiff without provocation was not objectively reasonable.  *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986) (force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline).

Force is excessive and violates the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, *supra*; *Whitley v. Albers*, *supra*.  A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507

8

U.S. 926, 113 S.Ct. 1298 (1993).

There is conceptual distinction between the *de minimis* injury and a *de minimis* use of force. *Wilkins v. Gaddy*, 559 U.S. 34, 36, 130 S.Ct. 1175, 1178 (2010) (per curiam) ("Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts."). To prevail on an Eighth Amendment excessive force claim, the plaintiff must establish that force was not "applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm," and that he suffered an injury. *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996). The Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 10, 112 S.Ct. at 1000. The absence of serious injury, while relevant to the inquiry, does not preclude relief. The Fifth Circuit Court of Appeals has never directly held that injuries must reach beyond some arbitrary threshold to satisfy an Eight Amendment excessive force claim. *Brown v. Lippard*, 472 F.3d 384, 386 (5th Cir. 2006).

Moreover, the Supreme Court has made clear that the presence of even minor injuries do not relieve the defendants of liability for using excessive force. *See Wilkins*, 130 S.Ct. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has

9

the good fortune to escape without serious injury."). For Eighth Amendment purposes, evidence of the existence and extent of injuries is not dispositive. Instead, such information is considered in conjunction with the other *Hudson* factors to help determine whether the force used was excessive. *See Brown,* 472 F.3d at 386-87 ("In evaluating excessive force claims, courts may look to the seriousness of the injury to determine 'whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur,'" quoting *Whitley*, 475 U.S. 321, 106 S.Ct. 1085).

**D. Analysis**

Plaintiff alleged that on September 2, 2011, Msgt. Kilbourne stopped him on a walkway and ordered him to open his hands. Plaintiff alleged that when he opened his hands, which were empty, Msgt. Kilbourne forced his fingers into the plaintiff's mouth. Plaintiff alleged that the two slid on the wet grass and while on the ground Msgt. Kilbourne activated his beeper. Plaintiff alleged the other defendants responded to the beeper, and when they arrived they grabbed the plaintiff's arms and legs and forced him to turn his head to the side and inspected his mouth for contraband. Plaintiff alleged that he was subsequently taken to a room where the defendants beat him without provocation.

The summary judgment evidence showed that on September 2,

2011, while Msgt. Kilbourne was making rounds on Compound I yard near Dorm H, he observed the plaintiff walking towards Dorm C&D with an object in his left hand which appeared to be a rolled cigarette.[8] The summary judgment evidence showed that Msgt. Kilbourne turned and ordered the plaintiff to come to him so that he could frisk the plaintiff.[9]

The summary judgment evidence showed that Msgt. Kilbourne observed the plaintiff put something in his mouth and chew it.[10] The summary judgment evidence showed that Msgt. Kilbourne attempted to grab the plaintiff by the arm but the plaintiff pushed him away, became very combative and ran away.[11] The summary judgment evidence showed that Msgt. Kilbourne took the plaintiff to the ground[12] and the plaintiff then told him to "get your bitch ass off me it is gone."[13]

The summary judgment evidence showed that while struggling with the plaintiff, Msgt. Kilbourne used his radio to request

---

[8] Record document number 22-4, p. 2, ¶ 3, Affidavit Tyrone Kilbourne.

[9] *Id.* at ¶ 4.

[10] *Id.*

[11] *Id.* at ¶ 5.

[12] *Id.*

[13] *Id.*

assistance.[14] The summary judgment evidence showed that a few moments later Capt. Frazier Bendily, Maj. Anthony Miller, Capt. Percy Babin and Maj. Stroughter arrived on the scene and Capt. Bendily and Maj. Miller assisted Msgt. Kilbourne by placing the plaintiff in restraints.[15]

The summary judgment evidence showed that the plaintiff was placed in handcuffs and escorted to the Major's Office for questioning.[16] The summary judgment evidence showed that Maj. Stroughter was present during the questioning and that the plaintiff denied doing anything wrong.[17] The summary judgment evidence showed that Warden K. Booty arrived a short time later and instructed Maj. Stroughter to place the plaintiff on dry cell status.[18]

Col. John Smith denied that he was personally involved in the September 2, 2011 incident.[19] The summary judgment evidence showed that the incident took place on September 2, 2011, at approximately

---

[14] *Id.* at ¶ 6.

[15] *Id.*; record document number 63-4, p. 2, ¶ 6, affidavit Anthony Miller; record document number 63-5, p. 2, ¶ 6, affidavit Frazier Bendily.

[16] Record document number 22-10, p. 2, ¶ 6, affidavit Doug Stroughter.

[17] *Id.*

[18] *Id.* at ¶ 7.

[19] Record document number 41-10, p. 1, ¶ 3.

5:55 p.m.[20] The summary judgment evidence showed that on September 2, 2011, Col. Smith logged out at 4:37:38 p.m.[21] and was driving home when the incident took place.[22]

Plaintiff's medical records showed that on September 3, 2011, at approximately 4:30 a.m., the plaintiff was examined by Wayne Sullivan, LPN.[23] Physical examination revealed no evidence of ecchymosis, hematoma, laceration, abrasion or edema.[24]

Plaintiff's medical records showed that on September 7, 2011, the plaintiff was seen at the Diabetic/Cardiac Clinic for complaints of blurred vision and pain to his left eye.[25] Plaintiff was referred to the Eye Clinic.[26]

Plaintiff's medical records showed that on September 11, 2011, the plaintiff was seen at the Doctor's Clinic for a scheduled clinic follow-up appointment for laboratory results.[27] Plaintiff's medical records do not indicate that the plaintiff complained of

---

[20] Record document number 22-3, p. 24.

[21] Record document number 41-10, p. 3, Dixon Correctional Institute Employee Check in Report.

[22] Record document number 41-10, p. 1, ¶ 4.

[23] Record document number 22-6, p. 3.

[24] *Id*.

[25] *Id*. at 4.

[26] *Id*.

[27] *Id*. at 5.

blurred vision or left eye pain or any other injury related to the September 2 incident.[28]

Plaintiff's medical records showed that on September 14, 2011, the plaintiff was examined at the Eye Clinic for complaints if blurred vision and left eye pain.[29] Physical examination revealed mild traumatic iritis.[30]

There is no evidence in the record that the defendants subjected the plaintiff to an excessive use force. The summary judgment evidence supports a finding that the plaintiff failed to comply with direct orders to be restrained and became combative with correctional officers, which required the use of a *de minimus* amount of force to gain control over him. There is no evidence that the plaintiff was subjected to any force during the questioning in the major's office. Defendants are entitled to summary judgment as a matter of law.

### III. Conclusion

A party may not rest upon mere allegations or denials in his pleadings in opposing a motion for summary judgment. *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins.*

---

[28] *Id*.

[29] *Id*. at 9.

[30] *Id*.

*v. Johnson*, 736 F.2d 315 (5th Cir. 1984). While the plaintiff filed a memorandum in opposition to Msgt. Kilbourne's summary judgment motion, it is not supported by any affidavit or deposition testimony. Plaintiff has not shown that there is a genuine issue for trial.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Defendant's Motion for Summary Judgment filed on behalf of Msgt. Tyrone Kilbourne and the Defendants' Motion for Summary Judgment filed on behalf of Col. John Smith and Maj. Doug Stroughter be granted. It is further recommended that the Motion for Summary Judgment filed on behalf of Capt. Percy Babin be dismissed as having been improperly filed on behalf of a non-defendant. It is further recommended that the claims against Capt. Jerry Babin be dismissed pursuant to Rule 4(m), Fed.R.Civ.P., for failure to serve the defendant, and this action be dismissed.

Baton Rouge, Louisiana, May 8, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE