UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCUS D. HILL (#310825)

CIVIL ACTION

VERSUS

NO. 11-778-SDD-SCR

TYRONE KILBOURNE, ET AL.

**<u>RULING</u>**

The Court has carefully considered the *Complaint*[1], the record, the law applicable to this action, and the *Report and Recommendation*[2] of United States Magistrate Judge Stephen C. Riedlinger dated May 8, 2014. Plaintiff has filed an *Objection*[3] which the Court has also considered.

The procedural posture and history are important to this Court's *Ruling*. Summary Judgment motions were filed in May and June of 2012.[4] The Plaintiff, proceeding *pro se*, filed an *Objection*[5] to the first *Motion for Summary Judgment*[6] on May 30, 2012. On October 9, 2012, counsel enrolled to represent the Plaintiff[7]. Shortly thereafter, on October 16, 2012, counsel for the Plaintiff moved to continue[8] the pending *Summary Judgment* to allow for additional discovery. The Court granted Plaintiff's motion for extension of the deadline to respond and/or oppose summary judgment by allowing leave until December 10, 2012 to obtain opposing affidavits and until

---
[1] Rec. Doc. 1.
[2] Rec. Doc. 72.
[3] Rec. Doc. 76.
[4] Rec. Docs. 22 and 41.
[5] Rec. Doc. 29.
[6] Rec. Doc. 22.
[7] Rec. Doc. 45.
[8] Rec. Doc. 48.

December 24, 2012 to file an opposition to summary judgment.[9] Plaintiff's request to extend the discovery deadlines was denied.[10] Plaintiff moved the Court to reconsider its extension of summary judgment deadlines and permit the Plaintiff even more time to submit "Declarations" and re-urged extension of the discovery deadline, which the Court denied.[11] Plaintiff filed a *Response in Opposition*[12] to summary judgment on December 20, 2012 consisting of a memorandum only. No countervailing affidavits, declarations, or statement of contested facts was filed by Plaintiff. In denying the Plaintiff's motion for additional time to seek countervailing declarations/affidavits, the Magistrate Judge found:

> Instead of filing an objection to the ruling, i.e. appealing the ruling to the district judge, as provided by Rule 72(a), Fed.R.Civ.P. the plaintiff filed this motion pursuant to Rules 59 and 60, Fed.R.Civ.P. However, as the defendants correctly noted, neither rule applies since a final judgment has not been issued.
>
> Plaintiff's motion is essentially a do-over of his previous motion. It presents no arguments which were not made and considered in connection with the previous motion, nor any new arguments which could not have been made in the previous motion.

On May 8, 2014, the Magistrate Judge rendered a *Report and Recommendation*[13] that the Defendants' summary judgments be granted. After the adverse *Report and Recommendation*, Plaintiff moved to file the Plaintiff's "Declaration"[14] presumably as a countervailing summary judgment affidavit. On the same day, Plaintiff filed objections[15] to the Magistrate Judge's *Report and Recommendation*.

---

[9] Rec. Doc. 55.
[10] Id.
[11] Rec. Docs. 58 and 70.
[12] Rec. Doc. 62.
[13] Rec. Doc. 72.
[14] Rec. Doc. 73.
[15] Rec. Doc. 76.

Plaintiff's counsel was notified by the Clerk that the filings seeking to late file a "Declaration" were deficient. The Clerk provided counsel specific filing instructions to resolve the deficiencies. Despite great efforts by the Clerk's office to assist counsel in filing, the filing deficiencies remained. The Court struck the attempted late filings by Order[16] dated June 19, 2014.

On June 23, 2014, the Court granted Plaintiff leave to file a declaration verifying the allegations of his Complaints and to file a sworn declaration of an inmate witness, David Cooper.

On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit. *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003), *citing, Huckabay v. Moore,* 142 F.3d 233, 240 n. 6 (5th Cir.1998); *King v. Dogan,* 31 F.3d 344, 346 (5th Cir.1994); 28 U.S.C. § 1746; *cited with approval*, *Stewart v. Guzman*, 555 F. App'x 425, 432 (5th Cir. 2014). Considering the verified allegations of the Plaintiff's Complaints and the countervailing witness declaration, there are material issues of fact as to the events that form the basis of the Plaintiff's claims. Hence, summary judgment must be denied.

The Court notes that when written, the Magistrate Judge's *Report and Recommendation* was correct. There was no countervailing summary judgment evidence in opposition to the Defendants' Rule 56 Motion. However, the record has since been supplemented (with leave of Court) with verified and sworn factual attestations, making summary judgment inappropriate at this time. The Parties present

---

[16] Rec. Doc. 80

3

conflicting accounts of what transpired between inmate Hill and the Defendants. Accordingly, summary judgment is DENIED.[17]

For the reason that the record, having been recently supplemented, reveals that material issues of fact are in dispute, the Court declines to adopt the *Report and Recommendation* of the Magistrate Judge.

**IT IS HEREBY ORDERED** that the Defendant's *Motion for Summary Judgment*[18] filed on behalf of Msgt. Tyrone Kilbourne and the Defendants' *Motion for Summary Judgment*[19] filed on behalf of Col. John Smith, Maj. Doug Strougther, and Capt. Percy Babin are DENIED; and

**IT IS FURTHER ORDERED** that the claims against the misnamed Defendant, Capt. Jerry Babin, are dismissed pursuant to Rule 4(m), Fed.R.Civ.P., for failure to serve.

Signed in Baton Rouge, Louisiana, on June 23, 2014.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[17] Counsel's blatant ignorance of the Local Rules of Court and the Federal Rules of Civil Procedure as they relate to these proceeding will not be tolerated and counsel is admonished to consult all applicable rules of procedure and conduct before filing any further pleadings in this matter.
[18] Rec. Doc. 22.
[19] Rec. Doc. 41.