# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MARCUS D. HILL #310825

CIVIL ACTION

v.

NO. 11-778-JWD-SCR

TRYONE KILBOURNE, ET AL.

## RULING AND ORDER ON PRETRIAL MOTIONS AND OBJECTION

This matter comes before the Court on several motions in limine filed by the parties (R.Docs. 110-112 & 104) and an Objection to Defendant's [sic] Proposed Charges/Instructions/Verdict Form filed by the Plaintiff Marcus D. Hill. (R.Doc. 120). Considering the facts in the record, the law, and the parties' briefing, the Court makes the following rulings:

The Plaintiff's Motion in Limine Regarding Comparative Fault (R. Doc. 110) is DENIED. Plaintiffs seek the exclusion of all evidence related to the comparative fault of the Plaintiff. However, Plaintiff has made a 42 U.S.C. § 1983 claim for excessive force in violation of the Eighth Amendment. (R.Docs. 54, 98). Evidence of the Plaintiff's conduct may be relevant to certain factors related to that claim. *See Sonnier v. Honeycutt*, No. 12-292, 2015 WL 222317, at *3 (M.D.La. Jan. 14, 2015) (Jackson, C.J.) (and cases cited therein).[1] Thus, the motion is denied.

The Plaintiff's Motion in Limine to Suppress Testimony and Evidence regarding Inmate Witnesses (R.Doc. 111) is DENIED WITHOUT PREJUDICE. As explained by this court in *Sonnier*, 2015 WL 222317, at *4, and *Jackson v. Barrere*, No. 13-124, 2014 WL 1119124

---

[1] The Court further notes that, while the Plaintiff has made no negligence claim in this action, evidence of contributory negligence would clearly be relevant if she had, even if the Plaintiff had also made a different type of § 1983 claim. In such an instance, the Court would caution the jury that the evidence of contributory negligence would be admissible as to the state law negligence claim but not as to the § 1983 claim.

1

(M.D.La. March 20, 2014) (Brady, J.), this Court cannot rule on the admissibility of convictions of inmate witnesses without having any factual details or background about those witnesses. This evidence could be admissible under Fed.R.Evid. 609 for impeachment, depending upon the date(s) of the conviction(s). *Sonnier*, 2015 WL 222317, at *4. Accordingly, the Court denies the motion at this time and will rule on these issues as they arise at trial, at which time the Court can be apprised of the details necessary to make a proper ruling. However, if any evidence of any such convictions is admitted, "evidence regarding the factual details surrounding or underlying convictions will be excluded as irrelevant and inflammatory." *Sonnier*, 2015 WL 222317, at *4.

The Plaintiff's Motion in Limine to Suppress Testimony and Evidence (R.Doc. 112) is DENIED WITHOUT PREJUDICE. First, as explained above, evidence of the Plaintiff's conviction may be relevant for impeachment under Rule 609. However, because the Court has no evidence concerning the Plaintiff's conviction (other than that he is a felon), the Court cannot determine at this time whether the evidence is admissible under Rule 609. Thus, as in *Sonnier* and *Jackson,* the Court denies the motion without prejudice on this issue. The Court will rule on this issue as it arises at trial in accordance with the Federal Rules of Evidence.

Second, there is no evidence concerning the nature of the Plaintiff's arrest; while inadmissible under Rule 609, this evidence could be admissible under Rule 404(b) as evidence of intent or absence of mistake, depending on the nature of the arrest. Accordingly, the motion is denied without prejudice on this issue as well. The Court will rule on this issue if it arises at trial in accordance with the Federal Rules of Evidence.

Third, as to the disciplinary report and charges, the Court denies the motion without prejudice. As this Court explained in *Sonnier*, "Disciplinary reports are out-of-court statements

and, to the extent that they are offered for the truth of the matters asserted therein, constitute inadmissible hearsay under Rules 801(c) and 802." 2015 WL 222317, at *3. However, as in *Sonnier*, the Court cannot rule on whether an exception to the hearsay rule applies without knowing the contents of the disciplinary report. Further, as in *Sonnier*, the Defendants are entitled to testify regarding: "(1) what they personally observed, pursuant to Rule 602, (2) the fact that Plaintiff was charged with disciplinary violations as a result of the incident in question, and (3) to matters within their personal knowledge, subject to the relevance requirement of Rule 402." *Id.* Defendants are also entitled to testify as to relevant statements made by the Plaintiff "as non-hearsay admissions by party opponent under Rule 801(d)(2), if such statements meet the requirements of that rule." *Id.*

The Defendants' Motion in Limine to Exclude Certain Testimony of Witnesses and Exhibits (R.Doc. 104) is DENIED WITHOUT PREJUDICE. First, Defendants seek the exclusion of evidence of "any prior civil lawsuits, investigations, grievance complaints, disciplinary infractions or other complaints made against the defendants on occasions unrelated to" the facts at issue here, or of "[a]ny testimony related to any alleged habitual behavior and/or other instances where the defendants may have allegedly used excessive/unnecessary force against other inmates on occasions unrelated to the" facts at issue here (R.Doc. 104). As the Court explained in *Sonnier*, where the Defendants made a similar request:

> Though Defendants are certainly correct in their assertion that Rule 404(a)(1) prohibits the introduction of evidence of a person's character or character trait to prove that on a particular occasion the person acted in accordance with that trait, the same is not true for evidence of habitual behavior. Contrary to Defendants' assertion, evidence of a person's regular response to a particular kind of situation with a specific type of conduct is admissible under Rule 406. Moreover, under Rule 404(b)(2), evidence of prior wrongs or other acts may be admissible for other purposes, such as proving motive.

*Id.* The Court has not been apprised of enough information regarding the Defendants' conduct to

3

make an accurate determination of the admissibility of this evidence under the above rules. Thus, as in *Sonnier*, the Court "will rule on the admissibility of such evidence in line with the Federal Rules of Evidence as it is presented and timely objected to at trial." *Id.*

With respect to the medical record summaries, the parties have provided no information about the contents of the medical records. Presumably, they are relevant to any claim for damages; however, without more information, the Court cannot make this determination. Further, contrary to what Defendants argue about the original writing rule, Fed.R.Evid. 1006 provides:

> The proponent may use a summary … to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Here, the Court has no information concerning whether the medical records are "voluminous" or whether the Plaintiff made the originals "available for examination or copying, or both, by other parties at a reasonable time and place." Assuming the Plaintiff satisfies these requirements, the Court will require the Plaintiff to produce the originals at trial for the jury.

Finally, the Defendant objects that the "Louisiana Department of Employee Manual" [sic] is "very broad and irrelevant" (R.Doc. 104-1). However, the Court has been presented with no evidence of what is contained in this document or why it is relevant. Accordingly, the motion is denied without prejudice as to this evidence.

Plaintiff's Objection to Defendant's Proposed Charges/Instructions/Verdict Form (R.Doc. 120) is OVERRULED. Plaintiff complains that the issue of qualified immunity should not be presented to the jury. First, the very fact that the Fifth Circuit created a pattern jury charge on qualified immunity suggests, by itself, that the Fifth Circuit believes the issue should

4

be presented to the jury. In any event, if Plaintiff had bothered to read the annotations to the Fifth Circuit Patter Jury Instruction on Qualified Immunity (10.3), Plaintiff would have seen a citation to *McCoy v. Hernandez*, 203 F.3d 371, 376 (5th Cir. 2000). In *McCoy*, the Fifth Circuit specifically rejected Plaintiff's argument:

> [Plaintiff] McCoy argues that the district court erred when it submitted the question of whether the officers were entitled to qualified immunity to the jury. McCoy contends that only the court may decide the qualified immunity issue. **However, we have previously held that while qualified immunity ordinarily should be decided by the court long before trial, if the issue is not decided until trial the defense goes to the jury which must then determine the objective legal reasonableness of the officers' conduct.** *Snyder v. Trepagnier*, 142 F.3d 791, 799 (5th Cir.1998). Therefore, McCoy's argument regarding the submission of the qualified immunity issue to the jury is without merit.

*Id.* (emphasis added). The Fifth Circuit has cited *McCoy* for this proposition as recently as 2012 in *Waganfeald v. Gusman*, 674 F.3d 475, 483-484 (5th Cir. 2012) ("Qualified immunity should be adjudicated 'at the earliest possible stage in litigation,' but 'if the issue is not decided until trial the defense goes to the jury which must then determine the objective legal reasonableness of the officers' conduct.'"). Thus, this motion is denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion in Limine Regarding Comparative Fault (R. Doc. 110) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Suppress Testimony and Evidence regarding Inmate Witnesses (R.Doc. 111), Plaintiff's Motion in Limine to Suppress Testimony and Evidence (R.Doc. 112), and Defendants' Motion in Limine to Exclude Certain Testimony of Witnesses and Exhibits (R.Doc. 104) are **DENIED WITHOUT PREJUDICE**; and

**IT IS FURTHER ORDERED** that Plaintiff's Objection to Defendant's Proposed Charges/Instructions/Verdict Form (R.Doc. 120) is **OVERRULED.**

Signed in Baton Rouge, Louisiana, on March 13, 2015.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**